FILED

DEC 29 2011

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**MODESTO DIVISION**

| | |
|---|---|
| In re | Case No. 09-93774-E-12 |
| LUIS T. BENTO and MARIA C. BENTO, | DCN: WFH-5 |
| Debtor(s). | Date: January 25, 2012<br>Time: 10:30 a.m.<br>Dept: E (Modesto) |

**MEMORANDUM OPINION AND DECISION**
*EX PARTE* **MOTION TO DISBURSE MONIES**

Farmers and Merchants Bank of Central California ("Farmers & Merchants") filed an *ex parte* motion for authorization to disburse the proceeds from the sale of the Debtors' Milk Quota which it has been holding pending further order of this court.  The court's issued an order on August 24, 2011 authorizing Nelson Enmark, the Chapter 12 Trustee, to execute the documents necessary to complete the sale, ordered the Debtors, and their respective agents and representative, not to interfere with the sale, and that the proceeds of the sale be deposited at Farmers and Merchants Bank directly from the sale escrow for the sale as previously ordered by this court pursuant to a June 23, 2011 order, Dckt. 241.  Dckt. 266.  This August order was necessary because the Debtors failed to complete the sale of the Milk Quota as previously authorized by the court.

1    The Debtors originally sought on June 22, 2011, and obtained

2  from the court an emergency order to sell the Milk Quota, asserting

3  that the Milk Quota must be sold immediately and that Farmers &

4  Merchants had a lien on the Milk Quota.  Dckt. 230.  The emergency

5  motion also sought authority to sell other collateral which secured

6  the Farmers & Merchants' claim, and use the sales proceeds to feed

7  and care for their dairy herd.  Farmers & Merchants was unable to

8  provide their consent to the sale or use of cash collateral.

9  Farmers and Merchants did not assert that it opposed the sale, but

10 the representatives at court for the June 23, 2011 hearing stated

11 that they were not authorized to consent (or object) to the sale of

12 some of the herd and the use of the sales proceeds to provide feed

13 and care to the remaining herd (which continued to be Farmers and

14 Merchants' collateral).

15    After a hearing on the emergency motion, the court approved

16 the sale of a portion of the herd and the use of the cash

17 collateral proceeds to purchase feed for the remaining herd.  The

18 court also approved the sale of the Debtors' Milk Quota for a sales

19 price of at least $120,000.00.  The order approving the sale

20 further provides,

21        The $120,000.00 [Milk Quota Sales Proceeds] shall be
          deposited into a blocked account for the Chapter 12
22        Debtors at Farmers and Merchants Bank, from which no
          disbursement shall be made except upon further order fo
23        the court.  The lien of any creditor against the Milk
          Pool Quota which is released by the creditor to allow the
24        sale to be concluded shall attach to the proceeds for the
          sale in the same validity, extent, amount, and priority
25        as it existed in the Milk Pool Quota.

26 Dckt. 241, court's June 23, 2011 order.

27    Though the Debtors utilized that portion of the order which

28

                                    2

allowed them to sell cattle and use the proceeds to feed the remaining herd, they failed to sell the Milk Quota for which they had sought and obtained emergency authorization. This necessitated the court's August 24, 2011 order authorizing the Chapter 12 Trustee to execute the documents to sell the Milk Quota. The sale having been authorized pursuant to 11 U.S.C. § 363(b), any creditors who asserted a lien in the Milk Quota were required to remove their lien, with such lien attaching to the Milk Quota proceeds. Dckt. 241, court's June 23, 2011 order.

**ADVERSARY TO DETERMINE LIENS**

Farmers and Merchants commenced an adversary proceeding against Abilio Nunes and Bernadette Nunes. Adv. No. 11-9070. On December 27, 2011, the court entered an order granting summary judgment for Farmers and Merchants, determining that it held the senior lien on the Milk Quota proceeds to the interest asserted by Abilio Nunes and Bernadette Nunes. No other creditors are a party to the adversary proceeding. On December 27, 2011, the court entered the judgment in the adversary proceeding.

**MOTION TO DISBURSE MONEY FROM BLOCKED ACCOUNT**

Having obtained the judgment, Farmers and Merchants filed the present ex parte Motion for an order authoring the disbursement of the Milk Quota sale proceeds of $127,771.40 from the blocked account required in the order approving the sale (Dckt. 241). The Motion states that the monies to be disbursed are from the sale of the Milk Quota. The Motion does not identify the blocked account into which the monies have been deposited, but does generally reference is the "blocked account pursuant to the Court's prior

1  orders of June 23, 2011 and August 24, 2011" Motion, Dckt. 329.

2  **OPPOSITION TO MOTION**

3       Because Farmers and Merchants sought an order of the court

4  relating to property of the estate, this motion has been filed in

5  the Debtors' bankruptcy case, not merely the adversary proceeding.

6  It was served on the creditors in this case.    One creditor,

7  Yosemite Land Bank, FLCA ("Yosemite") filed an opposition.    The

8  opposition filed by Yosemite states the following:

9  1.   Yosemite has a lien on all milk and milk products, together

10      with all accounts, accounts receivable, chattel paper, and

11      general intangibles.

12 2.   Yosemite perfected its lien by filing a UCC-1 with the

13      California Secretary of State on July 18, 2002, and by filing

14      a UCC continuation statement on February 22, 2007.

15 3.   Yosemite is not a party to the adversary proceeding, though it

16      has a lien in accounts and milk proceeds.

17 4.   Yosemite disputes that the adversary proceeding resolved all

18      lien disputes related to milk proceeds and cash proceeds,

19      since it was not a party to the adversary proceeding.

20 5.   Yosemite also claims a security interest in rents and crops

21      under a Deed of Trust.

22 6.   Farmers and Merchants Motion to disburse funds is procedurally

23      defective because such relief must be sought through an

24      adversary proceeding.

25 7.   Farmers and Merchants has improperly attempted to obtain an

26      order compelling the Chapter 12 Trustee to turn over funds to

27      the prejudice of other creditors.

28

4

8.    During the pendency of the case, the Debtors have remitted
      funds from various sources to the Chapter 12 Trustee, which
      funds have been commingled and used to make plan payments.
      Any funds held by the Chapter 12 Trustee cannot be clearly
      identified as proceeds from the sale of the Milk Quota.

Farmers and Merchants responds to the opposition, asserting that
Yosemite is mistaken and no request is sought ordering the Trustee
to turn over any monies.    Rather, the Motion only seeks
authorization to disburse the proceeds from the sale of the Milk
Quota which are being held in a blocked account at Farmers and
Merchants.    It is further contended that counsel for Yosemite
appeared telephonically at the June 23, 2011 emergency hearing and
did not assert a lien in the Milk Quota.    Finally, in a foot note
Farmers and Merchants contends that even if Yosemite has a lien on
the Milk Quota proceeds, the court has now ruled that Farmers and
Merchants' lien was perfected in 1999.

     On this last point, Yosemite (as it points out) was not a
party to the adversary proceeding and no determination has been
made concerning any dispute concerning the respective liens as
between Yosemite and Farmers and Merchants.

**COURT ORDERED HEARINGS**

     This ex parte Motion has been filed to obtain the disbursement
of monies from a blocked account at Farmers and Merchants.    The
court allowed this procedure, presuming that it was a routine
matter now that the adversary proceeding had been resolved.
Unfortunately, it is not routine, with Yosemite raising several
procedural and substantive objections.

5

1    In this Chapter 12 case there have been a series of emergency
2    motions and parties attempting to act with limited notice.    For
3    some, the parties were ultimately able to obtain a common ground
4    and proceed. In others, when the parties could not come to an
5    agreement to care and feed the herd, the court was required to act
6    to prevent not only the suffering of the herd, but to maintain the
7    creditors' collateral.
8    **Hearing on Motion For Disbursement of Monies**
9    Though the opposition filed by Yosemite appears to have little
10   merit, the court does not clearly have before it evidence of the
11   blocked account, funds in the blocked account, and how Farmers and
12   Merchant accounts for the monies in the blocked account.    To
13   preclude a larger fight and having to unwind the disbursement of
14   the monies from Farmers and Merchants, the court sets the Motion
15   for a final hearing.
16   Farmers and Merchants shall file supplemental evidence on or
17   before January 6, 2012, identifying the account, receipt of the
18   proceeds from the sale of the Milk Quota, whether any other monies
19   are or have been held in the blocked account with the Milk Quota
20   proceeds, and if any such other funds have been held in the blocked
21   account, an account for the receipt and disbursement (if any) of
22   such monies.
23   Yosemite shall file and serve supplemental evidence and
24   authorities in opposition to the Motion on or before January 17,
25   2012.    This supplemental opposition shall clearly state the basis
26   for Yosemite asserting a lien in the Milk Quota proceeds, if any.
27   ///
28   ///

6

**Hearing on Basis for Objection**

The court also sets for hearing at the same time as the hearing on the Motion, a hearing on the opposition filed by Yosemite.   In   addition   to   the   supplemental   evidence   and authorities, Yosemite shall file and serve a Statement of Basis of Opposition which shall address the following:

1.   The basis for asserting that the Farmers and Merchants' Motion asserts that all lien disputes related to milk proceeds and cash proceeds were determined in the adversary proceeding. (Which shall include specific citation to portion of Motion so alleging.)

2.   The basis for asserting that the rents and profits clause in the Deed of Trust is a basis for asserting a lien against the Milk Quota sales proceeds.

3.   The procedural and substantive basis for asserting that the Motion to authorize disbursement from a blocked account must be   filed   as   an   adversary   proceeding.    (Which   shall specifically identify the relief requested in the Motion for which an adversary proceeding is required.)

4.   The basis for asserting that "Farmers and Merchants has improperly used an ex parte matter in an effort to obtain an order compelling the Chapter 12 Trustee to turnover funds to [Farmers and Merchants], to the prejudice of all other creditors who claim an interest in the funds."

5.   The attempts to communicate with counsel for Farmers and Merchants concerning the Motion, identification of the Milk Quota sale proceeds, and what monies, if any, were to be

7

1    disbursed by the Chapter 12 Trustee.

2    This additional hearing is set for the court to consider the
3    basic allegations and contentions which do not appear to be
4    consistent with the Motion filed by Farmers and Merchants.  If the
5    opposition appears plausible on its face, and based upon the
6    pleadings filed by Farmers and Merchants, then they will be
7    addressed as part of that Motion.  If the opposition is not based
8    upon a good faith reading of the motion, existing law and
9    procedure, or a good faith argument for the extension,
10   modification, or reversal of existing law and procedure, the court
11   will consider whether that conduct should be addressed in further
12   proceedings.  To the extent that objections were just thrown up to
13   delay the proper adjudication of this case and disbursement of
14   monies from the blocked account to the detriment of another
15   creditor or as part of a strategy unrelated to the merits of the
16   matter before the court, such would not be consistent with the
17   obligations of a party in federal court.

18   The hearings shall be conducted at 10:30 a.m. on January 25,
19   2012.  Given the nature of the opposition and contentions of
20   improper conduct, no telephonic appearances are permitted for this
21   hearing.

22   The court shall issue an order consistent with the Memorandum
23   Opinion and Decision.

24   Dated: December 29, 2011                    By the Court

25

26

27                                       Ronald H. Sargis, Judge
                                         United States Bankruptcy Court

28

                                    8